## Coyle Estate

*Reilly & Pearce,* for accountant.

*Edwin A. Howell,* for minor and substituted guardian.

VAN RODEN, P. J., May 13, 1954.—By decree of this court dated April 16, 1951, Helynn I. Coyle was appointed guardian of the estate of James F. Coyle, Jr., a minor. The guardian is the stepmother of the minor, who will not reach his majority until June 13, 1955.

On February 17, 1953, the guardian filed her first and final account, the reason or purpose being that she desired to be discharged as guardian. By decree of this court dated April 2, 1953, the substituted guardian was duly appointed.

The guardian's first and final account was called for audit on April 6, 1953, and thereafter variously continued at the request of counsel. The account was confronted by objections filed on behalf of the substi-

tuted guardian. By adjudication of this court dated September 11, 1953, the objections were dismissed in part and sustained in part and the accountant was surcharged in the sum of $1,718.81, pursuant to the court's interpretation of a certain written stipulation of counsel filed of record on July 16, 1953.

Subsequently it was contended by counsel for the substituted guardian that the court misconstrued the written stipulation, and written exceptions to the adjudication nisi were filed of record on September 25, 1953. The exceptions are presently before the court for disposition.

Exception no. 1 reads as follows:

"The learned judge erred in permitting the accountant to 'recoup an alleged overdraft from the surcharge thereinafter entered'. The entire amount of $1,718.81 being the stipulated amount for which the accountant was to be surcharged."

As a result of a conference between counsel on February 15, 1954, it was agreed that the surcharge to the accountant should be in the amount of $1,718.81, without leave to recoup anything, and that the sum of $1,718.81 should be offset by her claim for that amount in the real estate account, thereby leaving the accounts between the minor and the guardian in balance (except as to the item of Social Security benefit payments hereinafter considered).

Accordingly, exception no. 1 is hereby sustained and the accountant is hereby surcharged in the amount of $1,718.81. That portion of the adjudication nisi granting leave to the accountant to recoup the aforementioned overdraft from the surcharge is hereby deleted and stricken therefrom. The overcharge of $1,718.81 is to be offset by the accountant's claim for that amount in the real estate account.

Exceptions nos. 2, 3, 4 and 5 relate to the failure of the auditing judge to surcharge the accountant in the

further amount of $1,212.20, being the aggregate of amount of Social Security payments received by her from the Federal Security Agency for the benefit of the minor and not accounted for by her in her account as guardian.

The exceptions raise the question whether Social Security payments received by the person having care or custody of the minor must be formally accounted for by that person if such person is also the duly appointed guardian of the minor's estate. As stated by the auditing judge in the adjudication nisi:

"A study of the Act of Congress and the Social Security regulations pursuant thereto has convinced the court that the payee of Social Security benefits for a minor is the person designated by the Social Security Administration and not by the court, and that such payee may legally be required to account to the Social Security Administration for the funds so received, but cannot be required to account for the same to this court. In other words, a guardian of a minor's estate is required to account to the orphans' court for all funds received by the minor pursuant to the appointment by such court but is not required to account to the court for funds received in an individual capacity by virtue of designation of a Federal agency. Accordingly, any redress which the minor or the substituted guardian may have respecting any alleged misuse of Social Security payments by the present accountant must be secured from or through the Social Security Administration and not this court."

A careful review of the law and facts of this case has convinced the court that the disposition made by the auditing judge was correct and should not be disturbed.

Accordingly, exceptions nos. 2, 3, 4 and 5 are hereby dismissed.

The court therefore enters the following

*Decree*

And now, to wit, May 13, 1954, exceptions to the adjudication nisi sur the first and final account of the guardian of the minor's estate having been filed by the substituted guardian of the minor's estate, and the exceptions having come on to be heard by the court, and written briefs and oral argument having been submitted to the court; it is, therefore, for the reasons hereinabove set forth, ordered, adjudged and decreed as follows:

1. Exception no. 1 is hereby sustained and the accountant is hereby surcharged in the amount of $1,718.81, the same to be offset by the accountant's claim for that amount in the real estate account.

2. Exceptions nos. 2, 3, 4 and 5 are hereby dismissed.

3. The parties shall bear their respective costs.